UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NICOLE BEVERLY,<br>    *Plaintiff*<br><br>VERSUS<br><br>AL'S PEST CONTROL SERVICE, INC.,<br>    *Defendant* | CIVIL ACTION<br><br>NO.  23-752<br><br>DIVISION 1<br><br>MAGISTRATE JUDGE<br>JANIS VAN MEERVELD |

ORDER AND REASONS

Before the Court is Al's Pest Control Service, Inc.'s Motion to Dismiss. (Rec. Doc. 6). For the following reasons, the Motion is GRANTED in part and DENIED in part.

Background

This is an employment discrimination lawsuit arising out of plaintiff Nicole Beverly's employment and termination from employment with Al's Pest Control Service, Inc. Ms. Beverly alleges that she began working for Al's in 2006 as an Office Assistant and that she was promoted to Office Manager in 2013 as a reflection of her increased duties. She alleges that she suffers from numerous health conditions that affect her major life activities, including Raynaud's Phenomenon, psychogenic nonepileptic seizure disorder, anxiety, dysphasia, hypertension, carpel tunnel syndrome with radial nerve compression, osteoarthritis, and fibromyalgia. In the alternative, she alleges that she was perceived as suffering from one or more debilitating health conditions. She also alleges that she is over the age of 40 and that she belongs to the protected classes of African American and female. She further alleges that she is comparatively dark-complected.

In this suit, she raises claims for violation of the Americans with Disabilities Act, the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1965, and 42 U.S.C. § 1981. She alleges that in 2019, Al's Vice President André Celestine hired 21 year old Elizabeth

Bazanac[1] as a personal assistant and that he made it clear that he favored Ms. Bazanac because she was younger than Ms. Beverly and other workers. She alleges that Ms. Bazanac was given preferential treatment such as being permitted to work from home and being allowed to sit for pest technician training and certification testing. She alleges that as her health conditions worsened, André Celestine began to assign more and more of her job duties to Ms. Bazanac until Ms. Bazanac became a de facto supervisor over the New Orleans office. Ms. Beverly alleges that André Celestine made frequent derogatory comments to Ms. Beverly and others regarding Ms. Beverly's age. Ms. Beverly also alleges that André Celestine had a preference for lighter-complected employees, which he vocalized on numerous occasions, including by often stating that "light-skin belongs at the front desk." She alleges that between 2019 and 2020, at least one employee other than Ms. Beverly was replaced by a younger, lighter-skinned female.

    Ms. Beverly alleges that beginning in 2010, Mr. Celestine's father Allen Celestine made frequent disparaging comments about Ms. Beverly and her health problems, including that she had too many doctors' appointments and that she was "getting a little wide" for her desk chairs. Ms. Beverly alleges that she reported these comments to André Celestine, but he did nothing in response. She alleges that she began to suffer increasingly severe symptoms of her health conditions, including arthritic flare ups in her knees and hips and difficulty typing due to carpel tunnel syndrome. She alleges that her physician recommended the use of an ergonomic chair and supplied her with written orders for such a chair in January 2020. Ms. Beverly alleges that she presented this to Al's, but André Celestine refused to provide her with the chair. She alleges that she could have maintained the ability to perform the essential functions of her job had she been

---

[1] Although described by Ms. Beverly as Elizabeth Bazenec, it appears that this individual's surname is spelled Bazanac based on attachments to the motion to dismiss, which include correspondence authored by Ms. Bazanac. For clarity, the court uses "Bazanac" throughout.

supplied with the ergonomic chair. Ms. Beverly alleges that in March 2020, she requested a meeting with André Celestine to discuss "her ongoing health complaints and anxiety levels, as well as Elizabeth Bazanac's increasingly hostile behavior toward her." She alleges that although her health had begun to deteriorate, she remained capable of performing all her job duties.

Ms. Beverly alleges that her health conditions worsened over time and that on June 26, 2020, she took a medical leave of absence under the Family Medical Leave Act in order to address her steadily-worsening hypertension, anxiety, dysphasia, arthritic conditions, pseudoseizures, and other health conditions. She alleges that she contacted André Celestine on July 17, 2020, after intense medical testing, recovery, and other efforts, and informed him that she would be returning to work shortly thereafter. On July 23, 2020, Mr. Celestine notified Ms. Beverly via an emailed letter that her employment with Al's was being terminated immediately because "the decision to move the office administration in another direction has been made." She alleges that by this time, Ms. Bazanac had already moved into her office. She alleges that during the Equal Employment Opportunity Commission investigation, she learned that Ms. Bazanac had been given the title of Branch Manager.

Ms. Beverly alleges that her medical conditions and Al's negative perception of her as disabled were major motivating factors in the decision to terminate her employment. She also alleges that her termination and other disparaging treatment was based on her age. Finally, she alleges that her termination and Al's preferential treatment of Ms. Bazanac was motivated by André Celestine's preference for lighter-complected employees.

Ms. Beverly alleges that she submitted an administrative charge of discrimination to the Equal Employment Opportunity Commission and that she received a Dismissal and Notice of Rights form on December 21, 2022. She filed this suit on March 1, 2023.

Presently before the Court is Al's motion to dismiss Ms. Beverly's claims under the ADA, ADEA, and Title VII. Al's presents numerous exhibits and describes its version of events, which is contrary to Ms. Beverly's in almost every respect other than the date of her hire and termination. Most of these assertions, however, cannot be considered at this stage because a Rule 12(b)(6) motion to dismiss tests the sufficiency of plaintiff's allegations. See Swierkiewicz v. Sorema N. A., 534 U.S. 506, 511, 122 S. Ct. 992, 997, 152 L. Ed. 2d 1 (2002)("When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982))). Nonetheless, while the court is limited to the contents of the pleadings, the court may also consider documents attached to a motion to dismiss by the defendant if they are referred to in the plaintiff's complaint and central to her claim. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000); see Villarreal v. Wells Fargo Bank, N.A., 814 F.3d 763, 766 (5th Cir. 2016). One such document is the EEOC charge that Ms. Beverly references in her Complaint and which is attached by Al's to its motion to dismiss. In the EEOC Charge, Ms. Beverly has checked the boxes to indicate she was alleging discrimination based on age and disability, but she did not check the box for race or color. The narrative particulars of her EEOC charge contain no reference to race or color.

Al's argues that Ms. Beverly has failed to state a claim upon which relief can be granted. It submits that Ms. Beverly's Complaint contains only conclusory allegations. It argues that Ms. Beverly never informed Al's that she suffered from any of the conditions she listed in her complaint. It argues that there is no evidence that Al's perceived her as disabled. It insists that Ms.

4

Beverly's employment was terminated because she abandoned her position beginning in July 2020. It denies that she supplied a note from her orthopedic physician regarding the ergonomic chair or that she requested a medical leave of absence under FMLA on June 26, 2020. It argues further that Ms. Beverly cannot establish age discrimination because Ms. Bazanac is not a suitable comparator. It insists that Ms. Bazanac was not employed in the same position as Ms. Beverly and had different qualifications from her. Finally, it argues that Ms. Beverly cannot state a claim for race or color discrimination under Title VII because there is no mention of a Title VII claim in the body of her EEOC charge and because she did not check the race or color boxes.

Ms. Beverly urges the Court to deny Al's motion to dismiss. She insists that consideration of Al's exhibits and arguments are inappropriate at this stage. She argues that considering the facts alleged and assuming them to be true, the Court must find that she has stated a claim for failure to accommodate under the ADA and discriminatory failure to promote and discriminatory termination under the ADEA. She also argues that her allegation that she submitted an administrative charge of discrimination to the EEOC must be assumed true and is sufficient to hold that procedural barriers to her complaint have been satisfied.

## Law and Analysis

1. *Standard on a Motion to Dismiss*

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007) (quotation marks and ellipsis omitted). Accordingly, Rule 12(b)(6) allows a defendant to move for expeditious dismissal when a plaintiff fails to state a claim upon which relief can be granted. In ruling on a 12(b)(6) motion, "[t]he court accepts all well-pleaded facts as true, viewing

them in the light most favorable to the plaintiff." <u>In re</u> Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). Further, "[t]o survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level." <u>Id</u>. (citation, footnote, and quotation marks omitted). On that point, the United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

<u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

"In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto." <u>Collins</u>, 224 F.3d at 498. The Fifth Circuit has recognized that the court may also consider documents attached to a motion to dismiss by the defendant if they are referred to in the plaintiff's complaint and central to her claim. <u>Id.</u> at 498-99. For example, in <u>Carter v. Target Corp.</u>, the court held that the district court was permitted to consider the EEOC charges attached to the defendant's motion to dismiss because they were referenced in the plaintiff's complaint and were central to plaintiff's claim. 541 F. App'x 413, 417 (5th Cir. 2013).

   2. *ADA Claim*

"The ADA prohibits an employer from discriminating against a 'qualified individual with a disability on the basis of that disability.'" <u>E.E.O.C. v. LHC Grp., Inc.</u>, 773 F.3d 688, 694 (5th Cir. 2014) (quoting 42 U.S.C. § 12112). "Discrimination includes failure to make 'reasonable

6

accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability . . . unless such covered entity can demonstrate that the accommodation would impose an undue hardship.'" Feist v. Louisiana, Dep't of Just., Off. of the Atty. Gen., 730 F.3d 450, 452 (5th Cir. 2013) (quoting 42 U.S.C. § 12112(b)(5)(A)). To prevail on a claim of unlawful termination in violation of the ADA, a plaintiff "must establish that (1) he is disabled within the meaning of the ADA, (2) he is qualified and able to perform the essential functions of his job, and (3) his employer fired him because of his disability." Kemp v. Holder, 610 F.3d 231, 235 (5th Cir. 2010). To prevail on "failure-to-accommodate claim: (1) the plaintiff is a 'qualified individual with a disability;' (2) the disability and its consequential limitations were 'known' by the covered employer; and (3) the employer failed to make 'reasonable accommodations' for such known limitations." Feist, 730 F.3d at 452.

While it may ultimately be shown at trial or on summary judgment that Al's was unaware of Ms. Beverly's alleged disability or that she never requested an accommodation, at this stage, the Court must accept the facts alleged in her complaint. Based on the allegations of the Complaint, Ms. Beverly was disabled or was perceived of as disabled and Al's was aware of this because an officer at the company made disparaging remarks about her doctors' appointments and because she discussed her health complaints in a meeting with André Celestine. According to the Complaint, Ms. Beverly requested an accommodation in the form of an ergonomic chair ordered by her doctor, but was denied this accommodation. She alleges further that she was terminated after taking a medical leave of absence under the FMLA. Accepting the facts plead in the Complaint, the Court finds that Ms. Beverly has stated a plausible claim for discrimination under the ADA.

*3. ADEA Claim*

The ADEA makes it "unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age" 29 U.S.C.§ 623(a)(1). According to the Complaint, André Celestine made frequent derogatory comments about Ms. Beverly's age. Ms. Beverly alleges that Ms. Bazanac was a younger comparator hired as a personal assistant and that Ms. Bazanac received preferential treatment such as being permitted to work from home and being permitted to sit for pest technician training and certification. She alleges that Ms. Bazanac was gradually assigned more and more of Ms. Beverly's duties until Ms. Bazanac became the de facto supervisor of the New Orleans office. She alleges that by the time she was terminated, Ms. Bazanac had moved into her office.

Although the facts may ultimately show that Ms. Bazanac had different qualifications and job duties, based on the facts alleged in the Complaint which the Court must accept as true, the Court finds Ms. Beverly has stated a plausible claim for age discrimination under the ADEA.

*4. Title VII Claim*

"It is well-settled that courts have no jurisdiction to consider Title VII claims as to which the aggrieved party has not exhausted administrative remedies." Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex., 40 F.3d 698, 711 (5th Cir. 1994). Thus, "[t]he scope of a Title VII complaint is limited to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Carey v. State of Louisiana, No. CIV.A. 00-2657, 2001 WL 1548962, at *5 (E.D. La. Dec. 5, 2001) (quoting Thomas v. Texas Dep't of Criminal Justice, 220 F.3d 389, 395 (5th Cir. 2000)). Once the EEOC issues a right to sue letter, the plaintiff has 90-days from receipt of the notice to file a federal lawsuit based on the claims in

the charge. Price v. Choctaw Glove & Safety Co., 459 F.3d 595, 598 (5th Cir. 2006); Garcia v. Penske Logistics, L.L.C., 631 F. App'x 204, 207–08 (5th Cir. 2015). The plaintiff's lawsuit "is limited to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Carey v. State of Louisiana, No. CIV.A. 00-2657, 2001 WL 1548962, at *5 (E.D. La. Dec. 5, 2001) (quoting Thomas v. Texas Dep't of Criminal Justice, 220 F.3d 389, 395 (5th Cir. 2000)).

Here, the Court can consider the EEOC Charge attached to Al's motion to dismiss because the charge is referenced in Ms. Beverly's complaint and it is central to her claim. It is clear that she did not raise an issue related to color or race based discrimination under Title VII. She did not check the boxes for such discrimination. She does not allege any facts that would suggest color or race based discrimination. As a result, Ms. Beverly has not exhausted her administrative remedies as to the purported race and color discrimination claim and cannot state a plausible claim for race or color based discrimination under Title VII. This claim must be dismissed.[2]

## Conclusion

Accepting the well pleaded facts of the Complaint, the Court finds that Ms. Beverly has stated a claim for employment discrimination under the ADA and the ADEA. However, she has not exhausted her administrative remedies as required to pursue a Title VII claim for race and color discrimination. Accordingly, the Motion to Dismiss is GRANTED in part and DENIED in part; Ms. Beverly's Title VII claim is dismissed. Her remaining claims shall be allowed to proceed.

---

[2] As Ms. Beverly points out, she has also asserted a claim for discrimination under §1981 as an alternate theory of recovery. This is correct. See Complaint, Rec. Doc. 1, at § 1, 21, and Prayer (D). Defendant has not sought dismissal of this claim, and the Court does not address it here.

New Orleans, Louisiana, this 6th day of July, 2023.

                                              Janis van Meerveld
                                        United States Magistrate Judge